

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 7, 1965

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Dear Mr. Resweber:

Opinion No. C-435

Re: Sheriff's use of force in
apprehending mentally ill
persons under the Emergency
Warrant Procedure of Arti-
cle 5547-27, V.C.S., and
under an Order of Protective
Custody under Article 5547-
66, V.C.S.

You have requested an opinion of this office on the
three following questions relating to the degree of force that
may be employed in apprehending mentally ill persons under the
above captioned statutes:

"1. Do the standards governing the use
of force in a criminal arrest apply?

"2. Are the deputies authorized to break
down a door of a private residence to take a
patient?

"3. What protection do the deputies have
if they are attacked by the allegedly mental-
ly ill person while attempting to take such
person into custody?"

The purpose of the Mental Health Code is set out in
Article 5547-2, Vernon's Civil Statutes, as follows:

"It is the purpose of this Code to pro-
vide humane care and treatment for the men-
tally ill and to facilitate their hospitali-
zation, enabling them to obtain needed care,
treatment and rehabilitation with the least
possible trouble, expense and embarrassment
to themselves and their families and to elimi-
nate so far as possible the traumatic effect
on the patient's mental health of public trial

and criminal-like procedures, and at the same time to protect the rights and liberty of every one. In providing care and treatment for the mentally ill, the State acts to protect the community from harm and to serve the public interest by removing the social and economic burden of the mentally ill on society and the burden and disturbing effect of the mentally ill person on the family, and by care and treatment in a mental hospital to restore him to a useful life and place in society. It is also the legislative purpose that Texas contribute its share to the nation-wide effort through care, treatment and research to reduce the prevalence of mental illness."

The intent of the Legislature in enacting this Code was to provide for the treatment of the mentally ill as patients and not as criminals. The Legislature of this State expressed deep concern for the welfare of our mentally ill and throughout the provisions of this Code attempted in every possible way to remove all criminal connotations or social stigma which might attach to the care and handling of these unfortunates. However, the Legislature recognized that there were specific situations which required prompt attention in order to protect the mentally ill as well as the general public. For this reason provisions were made for emergency warrants in Article 5547-27, Vernon's Civil Statutes, and orders of protective custody in Article 5547-66, Vernon's Civil Statutes.

Article 5547-27 provides:

"Any health or peace officer, who has reason to believe and does believe upon the representation of a credible person, in writing, or upon the basis of the conduct of a person or the circumstances under which he is found that the person is mentally ill and because of his mental illness is likely to cause injury to himself or others if not immediately restrained, may upon obtaining a warrant from any magistrate, take such person into custody, and immediately transport him to the nearest hospital and make application for his admission, pursuant to

the warrant of the magistrate. Such person admitted upon such warrant may be detained in custody for a period not to exceed twenty-four (24) hours, unless a further written order is obtained from the County Court or Probate Court of such county ordering further detention. Provided, however, that should the person be taken into custody on a Saturday or Sunday, or a legal holiday, then the twenty-four-hour period allowed for obtaining the court order permitting further detention shall begin at 9:00 o'clock a.m. on the first succeeding business day."

Article 5547-66 provides:

"If in the county court in which an application for Temporary Hospitalization or a Petition for Indefinite Commitment is pending, a Certificate of Medical Examination for Mental Illness is filed showing that the proposed patient has been examined within five (5) days of the filing of the Certificate and stating the opinion of the examining physician that the proposed patient is mentally ill and because of his mental illness is likely to cause injury to himself or others if not immediately restrained, the judge may order any health or peace officer to take the proposed patient into protective custody and immediately transport him to a designated mental hospital or other suitable place and detain him pending order of the court."

The long established common law rule is that a person actually insane may be arrested and detained, without a warrant or legal process first issuing, when an arrest is necessary to prevent immediate bodily injury to the mentally ill person or another and any person apprehending a mentally ill person acted at his peril based upon the apprehended person's actual insanity. See Loving v. Hazelwood, 184 S.W. 355 (Tex.Civ.App. 1916 error ref.), In Re Allen, 73 A. 1078 (1909), see also Porter v. Ritch, 70 Conn. 235, 39 A. 169 (1898), Coby v. Jackson, 12 N.H. 526 (1842), Appeal of Sleeper, 147 Me. 302, 87 A.2d 115 (1952) and Davis v. Merrill, 47 N.H. Rep. 208 (1866).

In <u>Davis v. Merrill</u>, supra, an action was brought for trespass for assault and false imprisonment. The court held that the defendants, members of the Board of Selectmen, who assisted in the apprehension of the plaintiff were absolved of any liability and made this comment relating to the force used in apprehending the plaintiff:

> "The Defendants are found to have acted in good faith, and not to have used unnecessary force. They can not, therefore, be considered as trespassers or wrong-doers." Also see requested charge in <u>Look v. Deen</u>, 108 Mass. 116 (1861).

A father sued his son in <u>Maxwell v. Maxwell</u>, 189 Iowa 7, 177 N.W. 541 (1920), for false arrest and imprisonment and the proof established that the son caused the sheriff to take his father into custody because, as the son contended, his father's mental condition made it unsafe for him to remain at large. The court stated:

> "If the plaintiff was, at the time he was restrained, of unsound mind, and by reason thereof incapable of caring for himself and incapable of exercising rational self-control, and this condition of mind imperiled his own safety and rendered reasonable restraint necessary to protect him from injury, or if by reason of his mental condition he was incapable of exercising rational self-control, and the lack of such power imperiled the safety of others, then on sustaining the relationship to him which this defendant sustained would be justified, under the law, in placing him under such <u>restraint as was reasonably necessary to protect him against himself and the public from the dangers incident to his condition."</u> (Emphasis added.)

It is the opinion of this office that in apprehending mentally ill persons, the degree of force which may be used, whether it be at common law or pursuant to a warrant, would be that force which is reasonably necessary under the circumstance to protect the mentally ill person and the general public with the officer making the apprehension bearing in mind that the person being restrained has not committed any act against the

laws of our society and such restraint is being imposed upon such person through no fault of his own.

With reference to your second question a health or peace officer does have the authority to break down a door of a private residence to apprehend a mentally ill person when it is reasonably necessary under the circumstances, taking into account the urgency and necessity of each situation, to protect the mentally ill person from himself or in order to protect members of the public. While it is true that our statutes only authorize peace officers to break down a door of private residences in a felony case, it is important to note the arrest and detention of a mentally ill person is based upon his inability to care for himself, as well as for the protection of others when there exists a clear and present danger to the mentally ill person or another.

Your third question relates to what protection officers have if they are attacked by the allegedly mentally ill person during an attempted arrest.

It is our opinion that the officer has the right of self defense in this situation, as in any other arrest, to use whatever force is reasonably necessary to protect himself. Article 1142, V.P.C.

## SUMMARY

In the apprehension of a mentally ill person the standard governing the use of force, is that force which is reasonably necessary under the circumstances to protect the mentally ill person and the general public. The authority of such officers to break down the door of a private residence is governed by the same test taking into account the urgency and necessity of each situation. The officers have the right of self defense if attacked by the mentally ill person.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

Honorable Joe Resweber, page 6 (C-435)

BY: ROBERT W. NORRIS
Assistant Attorney General

RWN/lh/br

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Milton Richardson
Edward R. Moffett
Grady Chandler
John Banks

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone